UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEITH BARROW                                    CIVIL ACTION

VERSUS                                          NUMBER: 06-4285

TWENTY-FOURTH JUDICIAL DISTRICT                 SECTION: "J"(5)
COURT, PARISH OF JEFFERSON

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Keith Barrow, and the State's response thereto. (Rec. docs. 1, 9). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Barrow's petition be dismissed with prejudice.

Petitioner Barrow is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On January 8, 2003, pursuant to a plea agreement with the State, Barrow pled guilty to five counts of armed robbery in

the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, and was thereupon sentenced to 50 years as to each of the armed robbery counts and 49.5 years as to the conspiracy count, said sentences to be served concurrently. The State subsequently filed a bill of information accusing Barrow of being a multiple offender under LSA-R.S. 15:529.1, Louisiana's Habitual Offender Statute.  On January 9, 2003, Barrow admitted to the allegations set forth in the multiple offender bill of information whereupon his 50 year sentence as to the first of the five armed robbery counts was vacated and he was sentenced to a term of like length as to that count under R.S. 15:529.1.  (St. ct. rec., vol. 1 of 5). Barrow did not directly appeal his conviction which thus became final on January 16, 2003 when the 5-day period for him to do so, exclusive of legal holidays and intervening weekends, then prescribed by LSA-C.Cr.P. Art. 914(B)(1) expired and no motion therefor was made.[1]/ See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002), cert. denied, 539 U.S. 918, 123 S.Ct. 2277 (2003).

In the year that followed, Barrow filed two separate motions and corresponded with the trial court in an attempt to obtain free

---

[1]/ By Acts 2003, No. 949, §1, effective August 15, 2003, the Louisiana Legislature amended Article 914(B)(1) to extend the 5-day appeal period to 30 days.

copies of documents related to his criminal conviction.[2]/ (St. ct. rec., vol. 1 of 5).   Thereafter, on February 17, 2004, Barrow signed and dated a self-styled application for post-conviction relief in which he asked that he be granted an out-of-time appeal. (Id.).   That application was denied without prejudice by the trial court on March 5, 2004 based on Barrow's failure to utilize the standardized form prescribed by the Louisiana Supreme Court for seeking post-conviction relief. (Id.).   See LSA-C.Cr.P. Art. 926(D); Appendix A, La. Supreme Court Rules.

Barrow completed the standardized form on April 18, 2004 and on May 26, 2004, the trial court granted his application and afforded him an out-of-time direct criminal appeal. (Id.)   After counsel was appointed and an appellate brief was filed on Barrow's behalf, he instructed his attorney to move to voluntarily dismiss the appeal which was granted on December 20, 2004.  (Id.).   Less than 1 month later, Barrow signed and dated yet another post-conviction relief application that included the same 2 claims that he now urges in this federal habeas proceeding. (Id.).   That application was denied by the trial court and writs were subsequently denied by both the Louisiana Fourth Circuit and the

_____

[2]/ Two of those requests were granted in whole or in part and Barrow was forwarded the requested records on July 29, 2004. (St. ct. rec., vol. 1 of 5).

Louisiana Supreme Court. (Id.); State v. Barrow, No. 05-KH-248 (La. App. 5th Cir. Mar. 4, 2005)(unpublished order); State ex rel. Barrow v. State, 924 So.2d 154 (La. 2006). Five months after the Louisiana Supreme Court issued its ruling, Barrow signed and dated his federal habeas application on July 10, 2006. (Rec. doc. 1, p. 7).

In its response to Barrow's habeas application, the State urges that the petition is untimely under 28 U.S.C. §2244 and that it should be dismissed as such. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as codified at §2244(d), generally provides that prisoners like Barrow must file their habeas petitions within 1 year of the date that their convictions become final.[3]/ The Court must therefore determine when Barrow's

---

[3]/ 28 U.S.C. §2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)  the date an which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

conviction became final for §2244(d) limitation purposes given the fact that he was granted an out-of-time appeal by the state courts. For the reasons that follow, the Court finds that the granting of the out-of-time appeal to Barrow did not start the running of the §2244(d) limitation period anew and that his petition should be dismissed as untimely.

Under Louisiana law, a defendant's conviction becomes final after the prescribed delay for filing a motion for appeal under Article 914(B)(1) expires. State v. Counterman, 475 So.2d 336, 338 (La. 1985).  In Counterman, the Louisiana Supreme Court observed that "... the appropriate vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is an application for post-conviction relief pursuant to Articles 924-930.7." Id. at 339.  Although the granting of an out-of-time appeal restores a defendant to the midst of direct review for state law purposes, the Fifth Circuit has held that the AEDPA's statute of limitations is merely tolled, not

---

                    Court and made retroactively applicable o
                    cases on collateral review; or
          (D)  the date on which the factual predicate
                    of the claim or claims presented could
                    have been discovered through the exercise
                    of due diligence.
          (2) The time during which a properly filed application for
          State post-conviction or other collateral review with respect
          to the pertinent judgment or claim is pending shall not be
          counted toward any period of limitation under this subsection.

"restarted", by such a  motion and the subsequent proceedings. Salinas v. Dretke, 354 F.3d 425, 429-30 (5th Cir.), cert. denied, 541 U.S. 1032, 124 S.Ct. 2099 (2004). See also Pierre v. Cain, 2006 WL 2623337 at *2 (E.D. La. 2006); Clark v. Cain, 2005 WL 2304492 at *5-6 (W.D. La. 2005); Solieau v. Cain, 2005 WL 1629945 at *4-6 (W.D. La. 2005); Sims v. Andrews, 2005 WL 1330154 at *4-6 (W.D. La. 2005).

Applying Salinas and its progeny to the matter at hand, Barrow's conviction became final on January 16, 2003 when he failed to file a motion for appeal within 5 days of his sentencing as prescribed by Article 914(B)(1).  At that point, the §2244(d) limitation period commenced running.  By the time that Barrow signed his first application for post-conviction relief on February 17, 2004, the 1-year limitation period had already run its course. Although Barrow had, in the interim, litigated his entitlement to free copies of various documents generated in his criminal case, those matters do not qualify as "... application[s] for State post-conviction or other collateral review ..." so as to toll the limitations period under §2244(d)(2) because they were preliminary in nature and did not directly call into question the validity of petitioner's conviction or sentences. Boyd v. Ward, 2001 WL 533221 at *4 (E.D. La. 2001); Brisbon v. Cain, 2000 WL 45872 at *2 (E.D. La. 2000).  Moreover, insofar as the claims advanced by Barrow

6

concern alleged irregularities in a state court proceeding at which he was present, the records which he sought were simply not needed to pursue post-conviction relief from the state courts.  See Brown v. Cain, 112 F.Supp.2d 585, 587 (E.D. La.), aff'd, 239 F.3d 365 (5th Cir. 2000).  This conclusion is buttressed by the fact that Barrow was able to file the first 2 of his 3 applications for post-conviction relief without benefit of the state court records he had been ordered to be provided.  See note 2, supra.  The fact that Barrow was granted an out-of-time appeal by the trial court is of no moment here because the §2244(d) limitation period had by then already expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), cert. denied, 532 U.S. 963, 121 S.Ct. 1498 (2001).  As no facts have been presented warranting the application of equitable tolling, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564 (2000), Barrow's petition should be dismissed as untimely.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Keith Barrow be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served

7

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __8th__ day of ___November___, 200_7_.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

8